NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRANDI JOSELYN JOHNSON, *Appellant.*

No. 1 CA-CR 20-0529
FILED 7-27-2021

Appeal from the Superior Court in Maricopa County
No. CR 2018-101597-001
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

**¶1** This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Brandi Johnson was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Johnson, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

**¶2** On June 6, 2017, Johnson worked a shift at a convenience store. After a subsequent cash reconciliation revealed that $2,080 was missing, the store manager viewed surveillance video showing Johnson reaching into the safe, removing a bag, and then walking toward the staff area at the back of the store that did not have cameras. The manager explained there was no reason for Johnson to access the safe, which should have been locked had it not malfunctioned. The only individuals authorized to access the safe were the manager and assistant manager; other employees could "drop" cash into the safe but were not permitted to access its contents.

**¶3** The State indicted Johnson on one count of theft, a class 5 felony, for unlawfully controlling currency with a value of $2000 or more but less than $3,000. At trial, the jury viewed the surveillance video and heard testimony from the store manager, who identified Johnson as the woman he worked with and as the woman in the video who accessed the safe. Another employee testified he worked with Johnson on June 6 and he also identified her as the woman in the video. The jury found Johnson was guilty of theft and also found the value of the property she took was $2,000 or more but less than $3,000. The superior court placed her on supervised probation for one year and she timely appealed.

¶4         After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Johnson was present and represented by counsel at all critical stages of the proceedings against her. The evidence presented supports the conviction, and the superior court's imposition of probation was permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Johnson's constitutional and statutory rights. Therefore, we affirm Johnson's conviction and the one-year term of supervised probation.

¶5         Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Johnson of the outcome of this appeal and her future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Johnson has 30 days from the date of this decision to proceed, if she wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA